■ HASSAN A. EBRAHIMI, Appellant, v MANSOUR RAHMANAN, Respondent.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered November 3, 1989, which dismissed the complaint with prejudice, unanimously affirmed, with costs.

We agree with the IAS court that the relationship between the parties, as set forth in the 1979 contract and the series of security agreements, was in the nature of a "sale or return", governed by UCC 2-326, and the complaint was thus barred by the 4-year Statute of Limitations (UCC 2-725). The brief and transitory references to "partnership" and "common [bank] account" in the more crudely translated version of the contract proffered by plaintiff do not alter the consignment nature of the relationship. The transaction, whether described as a "sale" or a "resale", was based upon a relationship which, according to the contract, could be discontinued at any time by either party, with return of the carpets in lieu of payment; it thus met the definition of a "sale or return" (UCC 2-326, Comment 1).

Several of the claims (for conversion, fraudulent inducement, accounting, quantum meruit and punitive damages) were correctly dismissed on the additional ground of failing to state a cause of action. Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.